UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GODWIN GAMELI LADZEKPO,<br>　　　　Plaintiff,<br>　　v.<br>M. HRITZ, et al.,<br>　　　　Defendants. | Case No. 4:16-cv-01695-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE WITH LEAVE TO AMEND; ORDER DISCHARGING ORDER TO SHOW CAUSE; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 14, 28 |

On August 3, 2016, Defendant California Highway Patrol filed a motion to dismiss the action or transfer venue to the Eastern District of California, which was later joined by Officer M. Hritz. On October 25, 2016, the Court issued an order to show cause to Defendants for failure to timely file a supplemental brief.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendants' motion to dismiss with leave to amend, and DISCHARGES the October 25, 2016 order to show cause.

**I.　BACKGROUND**

On April 5, 2014, Plaintiff Godwin Lazepko was pulled over by California Highway Patrol ("CHP") Officer M. Hritz for suspicion of driving under the influence in Solano County. (Compl., Dkt. No. 1 ¶ 8.)

On April 4, 2016, Plaintiff filed the instant civil rights action against CHP and Officer Hritz, in which he alleges that he did not consume any alcohol that evening, was not speeding, and was instead the victim of racial profiling and that Officer Hritz lied in his investigation report. (Compl. ¶¶ 9-15.)

On August 3, 2016, CHP filed the instant motion to dismiss or transfer the case to the Eastern District of California, where Solano County is located. (Defs.' Mot., Dkt. No. 14 at 3.) On August 16, 2016, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 22.) CHP did not file a reply, so the motion is fully briefed. On October 5, 2016, Officer Hritz joined in CHP's motion. (Dkt. No. 25.) On October 12, 2016, the Court issued an order requiring Defendants to submit supplemental briefing to address the residency of CHP and Officer Hritz pursuant to 28 U.S.C. § 1391. (Dkt. No. 27.) Defendants did not file a supplemental brief by the deadline. On October 25, 2016, the Court issued an order to show cause, and cautioned that the failure to respond would result in the denial of the instant motion. (Dkt. No. 28.) On October 27, 2016, Defendants filed a response to the order to show cause and a supplemental brief in which they conceded that CHP was a resident of the Northern District. (Defs.' Suppl. Br., Dkt. No. 29.)

## II.   LEGAL STANDARD

Civil actions invoking federal question jurisdiction

> may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Entities "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

A defendant may raise a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) in its first responsive pleading or by a separate pre-answer motion. Fed. R. Civ. P. 12(b)(3). Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a Rule 12(b)(3) motion to dismiss, the pleadings need not be accepted as true, and the court "may consider facts outside of the pleadings." *Richardson v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998). If the court determines that venue is

2

1  improper, it may dismiss the case, or, if it is in the interest of justice, transfer it to any district in
2  which it properly could have been brought. 28 U.S.C. § 1406(a); *Dist. No. 1, Pac. Coast Dist. v.*
3  *Ala.*, 682 F.2d 797, 799 (9th Cir. 1982).  Even if the court determines that venue is proper, it may
4  transfer for the convenience of parties and witnesses. 28 U.S.C. § 1404(a).  In either case, the
5  decision to transfer is within the discretion of the court. 28 U.S.C. § 1404(b); *King v. Russell*, 963
6  F.2d 1301, 1304 (9th Cir. 1992) (no abuse of discretion under 28 U.S.C. § 1406(a) when it chose
7  to dismiss, rather than transfer, for improper venue).

8      Pursuant to 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case
9  laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,
10 transfer such case to any district or division in which it could have been brought."

11     Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must
12 "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v.*
13 *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

### III.   DISCUSSION

#### A.   Motion to Dismiss or Transfer Venue

16     Defendants move to either dismiss the case or transfer venue to the Eastern District of
17 California on the grounds that the action should have been filed in the Eastern District because
18 Plaintiff was pulled over in Solano County, and that he failed to allege that one of the defendants
19 resides in the Northern District. (Def.'s Mot. at 3.)

20     There is no dispute that Solano County is located in the Eastern District of California,
21 rendering venue proper in the Eastern District. *See* 28 U.S.C. 1391(b)(2).  Defendants, however,
22 concede that CHP resides in the Northern District for venue purposes. (Defs.' Suppl. Br. at 1.)
23 Notwithstanding, and for the first time in the supplement brief, Defendants contend that CHP is
24 not a proper defendant in the civil rights action, because, as a state agency, it enjoys sovereign
25 immunity under the Eleventh Amendment, thereby barring the instant action against it. *Id.* at 1-2.
26 As a result, Defendants argue that CHP's residence should not be considered when deciding
27 whether to transfer this action to the Eastern District. *Id.* at 3.

28     The Court disagrees.  Since CHP is still a party to this action, and the Eleventh

Amendment argument has been improperly raised in supplemental briefing rather than a properly noticed motion, the Court will consider CHP's residence at this juncture, and finds that venue is proper. *See* 28 U.S.C. § 1391(c)(2).

Defendants' position regarding the insufficiency of the allegations pertaining to the residency of the defendants is well taken. Therefore, Plaintiff's complaint is dismissed with leave to amend to allege that CHP is a resident of the Northern District of California and that Officer Hritz is a resident of the Eastern District of California. The first amended complaint should also address the Eleventh Amendment concerns raised by Defendants.

### B.  Order to Show Cause

In responding to the order to show cause, defense counsel provides that he failed to timely file the supplemental brief due to a calendaring error. (Decl. of Rohit Kodical, Dkt. No. 29-1 ¶ 3.) Thus, the Court discharges the October 25, 2016 order to show cause.

### IV.  CONCLUSION

In light of the foregoing, Defendants' motion is GRANTED, and Plaintiff's complaint is dismissed with leave to amend. Plaintiff shall file a first amended complaint on or before **December 16, 2016**. Plaintiff should be aware that an amended complaint will supersede or replace the original complaint, and the original complaint will thereafter be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n. 40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). The first amended complaint must, therefore, be complete, in itself, without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

In amending his complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

Additionally, the Court DISCHARGES the October 25, 2016 order to show cause.

The initial case management conference set for November 29, 2016 is continued to February 28, 2017. Separate case management conference statements are due by February 21, 2017.

IT IS SO ORDERED.

Dated: October 28, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge